IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


**RICHARD A. WEBER,**

    **Plaintiff,**

vs.                                                                          CASE NO. 1:06CV57-MMP/AK

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security**

    **Defendant.**

                                    /


## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) finding that Plaintiff's disability had ceased in March 2002, and that he was no longer entitled to disability benefits beginning May 2002, under Title II of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

A.   **PROCEDURAL HISTORY**

Plaintiff filed an application for disability on December 11, 1995, and benefits were awarded to him commencing on December 20, 1994, because of a back disorder and airway disease.  Pursuant to a continuing disability review, it was determined that there had been medical improvement and disability ceased in March 2002.  Plaintiff sought reconsideration of this decision and a hearing before an administrative law judge (ALJ), who conducted a hearing on May 28, 2004, and entered an unfavorable decision on July 2, 2004.  The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

B.   **FINDINGS OF THE ALJ**

The ALJ found that there had been medical improvement in March 2002 related to Plaintiff's ability to work; that his back condition and COPD, mitral valve prolapse, and status post cervical spine fusion were severe, but were not equal to any of the listings either singly or in combination.  The ALJ based his finding of medical improvement on treatment records from the VA which show that in April 2002, Plaintiff continued to smoke 2 packs of cigarettes a day, but the chest x-ray was negative for COPD.  Also x-rays of the back in July 2002 shows satisfactory fusion and no hardware failure.  Later treatment notes of April 2003 show COPD changes, but Plaintiff refused to quit smoking, and then on December 19, 2003, Plaintiff had full range of motion and his motor and sensory exams were normal.  On May 26, 2004, Plaintiff was treated for chest pain and diagnosed with "mild non-obstructive coronary artery disease" and had a normal musculoskeletal exam.  The ALJ found Plaintiff capable of light work or work

**No. 1:06CV57-MMP/AK**

requiring a maximum lifting of 20 pounds; frequent lifting of 10 pounds; stand/walk/sit six hours out of a 8 hour day; no limits on pushing or pulling; unable to climb ropes, ladders and scaffolds; occasionally climb ramp and stairs, balance, stoop, crouch, kneel and crawl; must avoid temperature extremes, dust, fumes and chemicals; avoid whole body vibration, vigorous aerobic activity, hazardous machinery and dangerous heights.  The ALJ found that these limitations did not preclude Plaintiff from performing his past relevant work as a security guard, or other jobs existing in the national economy such as cashier and an assembler.

**C.    ISSUES PRESENTED**

Plaintiff argues that the ALJ erred in finding that Plaintiff had medical improvement after March 2002, specifically that this date is arbitrary and not based on substantial evidence.

The government responds that the medical evidence overwhelmingly supports medical improvement, even earlier than the date selected by the ALJ.  Also, Plaintiff's continued smoking despite his alleged lung problems constitutes non-compliance and a factor in discrediting his allegations of pain, limitation and continued disability.  Plaintiff has not asserted any of the exceptions to the medical improvement regulations.  See *below*.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**No. 1:06CV57-MMP/AK**

**D.   STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an

**No. 1:06CV57-MMP/AK**

adequate basis for it to determine whether proper legal principles have been observed requires reversal.  Id. (citations omitted).

Once a claimant becomes entitled to disability benefits, their continued entitlement must be reviewed periodically.  20 CFR §416.994(a).  An individual's disability will be found to have ceased if there has been medical improvement related to the individual's ability to work or one of the exceptions to medical improvement applies and the individual is able to engage in substantial gainful activity.  Id.  Medical improvement is defined as the decrease in the medical severity of the impairment(s) which were present at the time of the most recent favorable medical decision that the claimant was disabled.  20 CFR §416.994(b)(1)(I).

There are seven sequential steps the ALJ uses in reviewing the question of whether disability continues.  20 CFR §416.994(f).  The review may end and benefits may be continued at any point if it is determined that the individual is still unable to engage in substantial gainful activity.

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have a severe impairments that meet or equal those l listed in Appendix 1 of 20 C.F.R. Part 404?

3. Has there been medical improvement and, if so, is it related to the ability to work?

4. Do any exceptions to the medical improvement standard apply?

5. Does the individual have a severe impairment or combination of impairments?

6. Can the individual do past relevant work?

**No. 1:06CV57-MMP/AK**

7. Can the individual do any other work?

The exceptions to medical improvement referred to in Step 4 are:

1. The individual has benefitted from advances in medical or vocational therapy or technology (related to his ability to work).

2. The individual has undergone vocational therapy (related to his ability to work).

3. Based on new or improved diagnostic or evaluative techniques, the individual's impairment is not as disabling as it was considered to be at the time of the most recent favorable decision.

4. Any prior disability decision was in error.

5. The individual is currently engaging in substantial gainful activity.

The regulations provide that the review may end at any time and the individual's disability may be found to have ended at any time if one of the following exceptions is established:

1. A prior determination was fraudulently obtained.

2. The individual does not cooperate.

3. The individual cannot be found.

4. The individual fails to follow prescribe treatment which would be expected to restore his ability to engage in substantial gainful activity.

20 CFR §416.994(e).

**No. 1:06CV57-MMP/AK**

If a claimant's most recent favorable decision was based on meeting a listing and medical improvement has occurred, the ALJ will find that the medical improvement was related to the ability to work. 20 CFR §416.994(b)(2)(iv)(A).

The regulations provide that an individual's disability will be found to have ended in the month the evidence shows that the individual is no longer disabled, but not earlier than the month in which the Social Security Administration mails a notice providing the information that shows an individual is no longer disabled. 20 CFR §416.994(g).

E.   **SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Treatment records from Plaintiff's primary treating source, Veterans Administration, show that he was advised repeatedly to quit smoking, especially after March 2002. (R. 336-472). Objective tests show normal chest and heart size, no evidence of pneumothorax, and his spine looked fine for his age, (R. 107); physical examination was normal (R. 193-194); normal neck and arms (R. 337); and even though COPD was noted, the heart and lungs appeared clear and normal. (R. 363, 367). As late as May 2004, a physical examination continued to be normal, lungs were clear and breathing was regular. (R. 409, 429, 455, 468, 473). No physician in any of the extensive records from the VA suggested that Plaintiff could not work or should be limited in any regard.

A Physical Residual Functional Capacity Assessment made on February 2, 2002, found Plaintiff capable of light work with some postural and environmental limitations. (R. 87-94). Another one in August 2002 reached similar conclusions. (R. 339-346).

**No. 1:06CV57-MMP/AK**

F.   **SUMMARY OF THE ADMINISTRATIVE HEARING**

Plaintiff did not have representation at the hearing.  (R. 655).  Plaintiff has two years of college with an associates degree in law enforcement.  (R. 662).  It has been ten years since he last worked.  (R. 663).  His last job was as a security guard.  (R. 664).  He was injured in an accident in 1994 resulting in a cervical fusion for which he was treated and paid benefits by the VA since 1997.  (R. 666-667).  He also suffers from COPD and quit smoking two days before the hearing because his lungs were "fried."  (R. 668).  He smoked two and 1/2 packs a day prior to his quitting and must use the inhaler four or five puffs a day.  (R. 668).  His most recent cardiac catheterization showed only 20% blockage in one valve and no follow up treatment, such as a stint, was planned.  (R. 669).  Plaintiff had a colonoscopy planned in the near future with an appointment with a dermatologist and plastic surgery for "lumps in my back."  (R. 670).  He also has high blood pressure and angina for which he takes medication, as well as muscle spasms from the cervical fusion.  (R. 670).  He claims that his emphysema is worse preventing him from walking more than a block.  (R. 671).

Plaintiff describes a typical day as doing nothing, although he tries to walk and can take care of his personal needs.  (R. 671-672).

A vocational expert attended the hearing and testified that Plaintiff's past work as a security guard was a light level of exertion.  He was given a hypothetical of an individual 50 years old with an associates degree, able to lift up to 20 pounds and 10 pounds frequently, stand and walk six hours out of 8; no limits in pushing or pulling; no

climbing of robes, scaffolds or ladders, only occasional climbing of ramps and stairs, balancing, kneeling, crouching, crawling and stooping. (R. 677). He should avoid temperature extremes and hazardous machinery and heights. (R. 677). The expert said he could still do the security guard work, as well as other jobs such as an assembler and cashier. (R. 678).

## G.  DISCUSSION

Upon review, this Court does not re-weigh the evidence, it merely looks to the record for factual support for the findings made by the ALJ. In this case, the ALJ cites to numerous medical entries in the record to support his decision that there has been medical improvement since at least April 2002.

It is therefore, respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this  **14th** *d*ay of January, 2008.


       *s/ A. KORNBLUM*
       **ALLAN KORNBLUM**
       **UNITED STATES MAGISTRATE JUDGE**

**No. 1:06CV57-MMP/AK**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:06CV57-MMP/AK**